# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**ROBERT BAKER,**           :
                            :
   Plaintiff,  :
                            :
v.                          :  Civil Action No. 7:07-cv-20 (HL)
                            :
**LIQUID TRANSPORT CORPORATION**,  :
                            :
   Defendant.  :
_____

# **ORDER**

    Defendant removed this matter from the Superior Court of Irwin County, Georgia, on February 20, 2007, and alleges diversity as the basis for this Court's jurisdiction. As part of the Court's initial file review process, the Court must determine whether a proper jurisdictional basis exists for each case. This is particularly important here as Defendant seeks to remove an ongoing case from state court to federal court. As such, Defendant bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires a case between citizens of different states and an amount in controversy exceeding $75,000. As Defendant, in its Notice of Removal, properly alleged that the parties are diverse, the only jurisdictional issue that remains concerns whether the amount in controversy requirement is satisfied.

Where a plaintiff has specifically claimed less than the jurisdictional amount, a defendant seeking to remove the case to federal court must prove "to a legal certainty that plaintiff, if [he or she] prevailed, would not recover below [$75,000]." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). By contrast, where a plaintiff makes an "unspecified demand for damages" in the state court complaint, a defendant seeking to remove the case need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1537 (11th Cir. 1996). In determining whether the amount in controversy is satisfied on removal, district courts look first to the original complaint to ascertain whether it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. If the jurisdictional requirement is not facially apparent courts look to the Notice of Removal and any additional evidence provided. Id. at 1320.

Here, Plaintiff's Complaint is something of a hybrid. Admittedly, Plaintiff makes two specific damage claims: he seeks medical expenses "in excess of $1500" and lost wages "in the approximate amount of $16,720." However, Plaintiff also seeks to recover "past and future pain and suffering damages" without specifying an amount. Therefore, because Plaintiff has made an unspecified demand for damages, the preponderance standard is applicable. To meet its burden, Defendant must make an "affirmative showing" that the amount in controversy exceeds $75,000. Gaitor v. Peninsular & Occidental S.S. Co., 287

2

F.2d 252. 255 (5th Cir. 1961).[1] "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.

As discussed above, attached to Defendant's Notice of Removal is the complaint Plaintiff filed in state court, which claims a specific amount of damages: $18,220.00. (Pl.'s Compl. ¶ 8.) Nonetheless, Defendant's Notice of Removal asserts "Defendant reasonably believes the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs." (Doc. 1 ¶ 4.) The Notice of Removal fails to set forth any underlying facts to support its $75,000.00 amount in controversy allegation, nor does it offer a satisfactory explanation for this $56,780.00 discrepancy. Defendant's mere "conclusory allegation" regarding its "reasonable beliefs" about the amount in controversy is insufficient to satisfy federal diversity requirements and establish jurisdiction.

Defendant has failed to meet its burden. Defendant offers no more than a bare assertion that Plaintiff's claim satisfies the amount in controversy requirement. As that is insufficient to establish jurisdiction, Defendant must properly allege diversity jurisdiction no later than April 12, 2007. If Defendant fails to do so, the case will be remanded to the Superior Court of Irwin County, Georgia, for lack of jurisdiction.

**SO ORDERED**, this the 23rd day of March, 2007.

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl